

# OHIO DEPARTMENT OF YOUTH SERVICES

Ted Strickland, Governor • Thomas J. Stickrath, Director

March 31, 2010

Office of the Clerk
U.S. District Court, Southern District of Ohio
Joseph P. Kinneary U.S. Courthouse, Room 121
85 Marconi Boulevard
Columbus, Ohio 43215

RE: *Stefaun Mason v. Holly Richardson, et al.*
     Case No. 2:10CV171

Dear Clerk:

Enclosed please find the original Summons and Complaint issued to David Manson in the above-captioned case. These documents were accepted in error by staff at Circleville Juvenile Correctional Facility. Mr. Manson is no longer employed at Circleville Juvenile Correctional Facility or by the Ohio Department of Youth Services. We are, therefore, returning the documents to the Court.

If you have any questions, please feel free to contact me at 740-477-2500.

Sincerely,

Dave Blackburn
Acting Superintendent
Circleville Juvenile Correctional Facility

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

Stefaun Mason DYS No. 213309
_____
Plaintiff

v.

Holly Richardson, et. al.
_____
Defendant

Civil Action No. **2:10 cv 171**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  David Manson
51 N. High Street
Columbus, Ohio
43215

A lawsuit has been filed against you.

Within ~~21~~ 45 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Stefaun Mason
Circleville Juvenile Correctional Facility
640 Island Road, P.O. Box 598
Circleville, Ohio 43113

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT  James Bonini, Clerk

Date: 3/1/10

_____
Signature of Clerk or Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Stefaun Mason, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00171 |
| v. | : | Judge Holschuh |
| Holly Richardson, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

ORDER

Plaintiff Mason's motion for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(a)(1) and (2) is GRANTED. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. §1915(b)(1).

Plaintiff Stefaun Mason's affidavit reveals that he currently possesses the sum of $22.98 in his prison account which is insufficient to pay the full filing fee. His application indicates that his average monthly balance for a six-month period prior to filing his application to proceed *in forma pauperis* was $26.47.

Pursuant to 28 U.S.C. §1915(b)(1), the custodian of plaintiff Stefaun Mason's inmate trust account (DYS # 213309) at the institution where he now resides is directed to submit to the Clerk of the United States District Court for the Southern District of Ohio, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in

the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff Mason's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full fees of three hundred and fifty dollars ($350) have been paid to the clerk of this court. 28 U.S.C. §1915(b)(2). See, *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, OH 43215

The prisoner's name and this case number must be included on each check.

A prisoner may not be prohibited from bringing a civil action because he has no assets and no means to pay the initial filing fee. 28 U.S.C. §1915(b)(4). If plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed by this Court will be collected from plaintiff's prison account when such funds become available.

WHEREUPON, it is ORDERED that plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is DIRECTED to mail a courtesy copy of the complaint and a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th , Columbus, OH 43215.

IT IS FURTHER ORDERED that the United States Marshal serve by certified mail upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.

Each defendant is ORDERED to answer or otherwise respond to the complaint within forty-five (45) days after being served with a copy of the complaint and summons.

The Clerk of Court is DIRECTED to mail a copy of this Order and the attached instructions, which are hereby incorporated herein, to the plaintiff and the prison cashier's office. The Clerk is FURTHER DIRECTED to forward a copy of this Order to the Court's financial office in Columbus.

s/Mark R. Abel
United States Magistrate Judge

# INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE AND SUBSEQUENT INSTALLMENT PAYMENTS

The prisoner shown as the plaintiff on the attached order has filed a civil action in forma pauperis in this court and owes the court a filing fee. Pursuant to 28 U.S.C. §1915(b)(1) and (2), the fee is to be paid as follows:

> The initial partial fee listed on the attached order should be deducted by the prison cashier's office from the prisoner's account, when funds are available therein, until the initial partial fee is paid. A check (or checks) in the appropriate amount(s) should be attached to a form like that accompanying these instructions and sent to the address indicated below.

> Following the payment of the initial partial fee and continuing thereafter until the full fee has been paid, monthly payments of 20% of the preceding month's income credited to the prisoner's account should be deducted and forwarded to the court each time the amount in the account exceeds $10.

If the prisoner has filed more than one complaint in this district, (s)he is required to pay a fee in each case. The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis status and these instructions. **The prisoner's name and case number must be noted on each remittance.**

Checks are to be made payable to:

> **Clerk, U.S. District Court**

Checks are to be sent to:

> **Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Blvd.
> Columbus, OH 43215**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| STEFAUN MASON, DYS No.213309, | : | Case No. 2:10 cv 171 |
| Circleville Juvenile Correctional Facility, | : | |
| 640 Island Road, P.O. Box 598 | : | Judge JUDGE HOLSCHUH |
| Circleville, Ohio 43113, | : | |
| | : | |
| Plaintiff, | : | MAGISTRATE JUDGE ABEL |
| | : | |
| v. | : | |
| | : | |
| HOLLY RICHARDSON, | : | |
| Individually, | : | |
| c/o OHIO DEPARTMENT OF YOUTH SERVICES, | : | |
| 51 N. High Street, | : | |
| Columbus, OH 43215, | : | |
| | : | |
| DAVID MANSON, | : | |
| Individually, | : | |
| c/o OHIO DEPARTMENT OF YOUTH SERVICES, | : | |
| 51 N. High Street, | : | |
| Columbus, OH 43215, | : | |
| | : | |
| TIM MAHAFFEY, | : | |
| Individually, | : | |
| c/o OHIO DEPARTMENT OF YOUTH SERVICES, | : | |
| 51 N. High Street, | : | |
| Columbus, OH 43215, | : | |
| | : | |
| PAUL RYBICKI, | : | |
| Individually, | : | |
| c/o OHIO DEPARTMENT OF YOUTH SERVICES, | : | |
| 51 N. High Street, | : | |
| Columbus, OH 43215, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Stefaun Mason, acting *pro se*, for his Complaint against Defendants, Holly Richardson, David Manson, Tim Mahaffey and Paul Rybicki, states the following:

## I. PRELIMINARY STATEMENT

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 and stems from the unnecessary and unreasonable use of physical force by Defendants, employees of a juvenile corrections facility, against Plaintiff, a mentally ill juvenile prisoner, because he was ripping pages out of his Bible as he had been given permission by another staff member to do. Defendants David Manson, Tim Mahaffey and Paul Rybicki actively engaged in the unreasonable use of force against Plaintiff while Defendant Holly Richardson was deliberately indifferent in failing to protect Plaintiff. Plaintiff alleges that Defendants' respective acts and/or omissions violated his rights as guaranteed by the First, Eighth and Fourteenth Amendments to the United States Constitution.

2. Plaintiff seeks economic damages, non-economic damages, punitive damages and the reasonable fees and costs associated with this suit.

## II. JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343(3).

4. Venue is appropriate in this Court because the events giving rise to this suit took place in Pickaway County, Ohio.

## III. PARTIES

5. Plaintiff Stefaun Mason is an Ohio citizen who is and, at all times relevant to this Complaint was, incarcerated at the Circleville Juvenile Correctional Facility located in Pickaway County, Ohio.

6. Defendant Holly Richardson is, upon information and belief, an Ohio citizen. Her personal residence is presently unknown. At all times relevant to this Complaint, Defendant Richardson was employed by the Ohio Department of Youth Services as a as an Operations Manager assigned to the Circleville Juvenile Correctional Facility. At all times relevant hereto, she acted under the color state law. She is sued in her individual capacity.

7. Defendant David Manson is, upon information and belief, an Ohio citizen. His personal residence is presently unknown. At all times relevant to this Complaint, Defendant Manson was employed by the Ohio Department of Youth Services as a as a Unit Administrator assigned to the Circleville Juvenile Correctional Facility. At all times relevant hereto, he acted under the color state law. He is sued in his individual capacity.

8. Defendant Tim Mahaffey is, upon information and belief, an Ohio citizen. His personal residence is presently unknown. At all times relevant to this Complaint, Defendant Mahaffey was employed by the Ohio Department of Youth Services as a Juvenile Corrections Officer assigned to the Circleville Juvenile Correctional Facility. At all times relevant hereto, he acted under the color state law. He is sued in his individual capacity.

9. Defendant Paul Rybicki is, upon information and belief, an Ohio citizen. His personal residence is presently unknown. At all times relevant to this Complaint, Defendant Rybicki was employed by the Ohio Department of Youth Services as a as a Juvenile Corrections Officer assigned to the Circleville Juvenile Correctional Facility. At all times relevant hereto, he acted under the color state law. He is sued in his individual capacity.

## IV. ADMINISTRATIVE HISTORY

10. On or about September 30, 2008, Plaintiff initiated the grievance process at the Circleville Juvenile Corrections Facility by submitting a "DYS Youth Grievance Form." Plaintiff fully exhausted this grievance process. A copy of Plaintiff's fully-exhausted grievance is attached as Exhibit A.

## V. STATEMENT OF THE FACTS

11. On or about August 28, 2007, Plaintiff Stefaun Mason was a 17-year-old prisoner incarcerated within the Ohio Department of Youth Services and assigned to the Circleville Juvenile Correctional Facility.

12. At all times relevant hereto, Plaintiff suffered from several mental illnesses including Paranoid Schizophrenia, Bipolar Disorder, Attention Deficient Hyperactivity Disorder ("ADHD") and Attention Deficient Disorder ("ADD"). Upon information and belief, Defendants knew about Plaintiff's mental illnesses, including that these illnesses manifested themselves in Plaintiff's behavior at times.

13. On or about August 28, 2007, Plaintiff was suffering from an episode related to his mental illness and was exhibiting suicidal and manic behavior. Upon information and belief, Defendants did not seek the intervention of a staff psychologist or other medical professional to aide Plaintiff.

14. Instead, two of the Defendants, Unit Administrator Rebecca McCoy and Juvenile Corrections Officer Obany Wade, secluded Plaintiff in a room with several of his personal belongings, including a Bible.

15. Three other ODYS employees, Operations Manager Richardson, Unit Administrator Manson and Juvenile Corrections Officer Mahaffey then entered the room. Upon information and belief, UA Manson gave Plaintiff permission to finish

tearing the pages from the Bible, saying "go ahead and do it if it makes you happy." At all times while ripping pages from the book, Plaintiff was calm, non-combative and posed no discernible threat of harm to himself or others.

16. As Plaintiff was tearing pages from his book as he had been given permission to do, Juvenile Corrections Officer Mahaffey then instructed another staff person to confiscate all of the Plaintiff's personal items – including a family picture to which the youth was known to be strongly attached.

17. Plaintiff stood up and objected. In response, JCO Mahaffey and UA Manson responded by slamming him face first into a concrete wall. They then pushed Plaintiff onto the floor, grabbing his arms and twisting them behind his back while he screamed in pain. They proceeded to drag Plaintiff, face down, across the floor.

18. Juvenile Corrections Officer Rybicki entered the room and sat on Plaintiff's legs while Juvenile Corrections Officer Mahaffey and Unit Administrator Manson continued to twist his arms behind his back.

19. The above-described use of force against Plaintiff was not undertaken in a good faith effort to maintain or restore discipline within the prison or to protect him or others from a risk of harm. Rather, the unnecessary and unreasonable use of force against Plaintiff was an unnecessary and unreasonable response motivated largely because Plaintiff was ripping pages from a Bible.

20. Operations Manager Richardson observed this unnecessary and unreasonable use of force and, despite having a duty, means and opportunity to prevent harm to Plaintiff, he took no meaningful action to stop and/or prevent harm.

21. As a direct and proximate result of this unreasonable and unnecessary use of force, Plaintiff suffered physical injuries and severe emotional distress.

## V. STATEMENT OF THE CLAIM

### COUNT ONE

### 42 U.S.C. 1983 – EXCESSIVE FORCE

22. Paragraphs 1 though 21 are referenced as if rewritten.

23. Defendants Manson, Mahaffey and Rybicki's actions constituted an unnecessary and unreasonable use of force and violated Plaintiff's established constitutional rights as guaranteed by the Eighth and Fourteenth Amendments.

### COUNT TWO

### 42 U.S.C. 1983 – FIRST AMENDMENT RETALIATION

24. Paragraphs 1 though 23 are referenced as if rewritten.

25. Defendants actions and/or omissions were motivated, in whole or in part, by a religious animus towards Plaintiff's actions in ripping pages from a Bible and violate Plaintiff's established constitutional rights to freedom of expression and freedom of religion as guaranteed by the First Amendment.

### COUNT THREE

### 42 U.S.C. 1983 – FAILURE TO PROTECT

26. Paragraphs 1 though 25 are incorporated as if rewritten.

27. Defendant Richardson's acts and/or omissions constituted a deliberately indifferent failure to protect Plaintiff in violation of his rights as guaranteed by the Eighth and Fourteenth Amendments.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stefaun Mason respectfully asks for judgment in his favor against Defendants, jointly and severally, as follows:

    a.    An award of economic damages of physical injuries in an amount to be determined by a jury;

    b.    An award of non-economic damages, including pain and suffering and emotional distress, in an amount to be determined by a jury;

    c.    An award of punitive damages in an amount to be determined by a jury;

    d.    An award of attorneys' fees (if applicable) and costs permitted by law; and

    e.    All other relief available under law or equity under the circumstances.

Respectfully submitted,

*/s/ Stefaun Mason*

STEFAUN MASON, *pro se*
DYS No. 213309
Ohio Department of Youth Services
Circleville Juvenile Correctional Facility
640 Island Road, P.O. Box 598
Circleville, Ohio 43113

Prepared with assistance from:
Stacy A. Hinners (0076458)
ODYS Legal Assistance Program[1]
401 E. Court Street, Suite 600
Cincinnati, OH 45202
Phone: (513)621-8800

## JURY DEMAND

Plaintiff respectfully requests a jury trial.

*/s/ Stefaun Mason*

STEFAUN MASON, *pro se*

---

[1] The ODYS Legal Assistance Program ("LAP") is an independent legal service contracted by the State of Ohio to assist incarcerated juveniles in meaningfully accessing courts to redress constitutional violations related to their confinement. LAP assists youth by investigating claims and, if appropriate, preparing pleadings for use in *pro se* litigation. *See J.P. v. Taft*, 438 F.Supp.2d 793 (S.D.Ohio 2006); *John L. v. Adams*, 969 F.2d 228 (6th Cir.1992).

7

 *ODYS Activity Management System*

# Grievance Report
*Parameters: DYS Number: 213309, Date From: %, Date To: %, Site: All*

### Grievance Information

| | |
|---|---|
| Grievance ID: | 2103080487 |
| Grievance Type: | Priority |
| Date Received: | 09/30/2008 |
| Youth Name: | Mason, Stefaun (213309) |
| DYS Number: | 213309 |
| Location: | House 1 Ash |
| Status: | Closed |
| Date Closed: | 10/24/2008 |
| Grievance Code(s): | |
| Grievance: | Tim Mahaffey and UA Manson threw me to the ground and made my face bleed in middle of forehead and left side of cheek. I requesting the following: 1. Admission of guilt; 2. Change of policy and procedures; 3. money damages |

### Grievance Reviewers

#### Site Manager

| | |
|---|---|
| Response: | Incident has been investigated and the Chief Inspector found no just cause. New Advance Verbal Strategies training and Planned Use of Force trainnig has been implemented. |
| Response Due By: | 10/02/2008 |
| Date Responded: | 10/02/2008 |
| Outcome: | Denied |
| Other Outcome: | |
| Youth Satisfied? | No |
| Youth Appealing? | Yes |
| Youth Response: | I want what I requested. |

#### Chief Inspector

| | |
|---|---|
| Response: | The investigation did not substantiate any wrongdoing by staff/JF<br>Investigation # 1001070059 |
| Response Due By: | 10/15/2008 |
| Date Responded: | 10/24/2008 |
| Outcome: | Denied |
| Other Outcome: | |

**Answer from the Superintendent/Regional Administrator:**

Comments: (10 Days to Respond)
Grievance - Incident has been investigated and the Chief Inspector found no just cause. DYS Advance Verbal Strategies Training and planner use of for training has been implemented.

Supt./Reg. Admin.'s Signature: [signature] Date: 11/26/08

Youth: Are you ☐ Satisfied ☒ Not Satisfied with the answer?

Youth: Sign your name: [signature] Date: 10/26/08

Youth: If you checked "Not Satisfied", and wish to appeal the Superintendent's or Regional Administrator's decision, please complete Section "G" so that the Chief Inspector can look at it.

Youth: Write the reason you are appealing to the Chief Inspector: I want to what I Requested

### STOP Do not write anymore

Youth: Sign Your Name: _____ Date: _____

Place a copy of your Grievance in an envelope, address it to the Office of the Chief Inspector. Chief Inspector's address is on page 2 of this form. Put your grievance in the Grievance Box. Staff will mail it.

**Chief Inspector's Answer:** Your grievance is ☐ Granted ☒ Denied

Comments: (10 Days to Respond)
The investigation did not substantiate any wrong doing by staff.

Signature: [signature] Date: 10/31/08

The steps in the grievance process are used up. Chief Inspector's decision is final.

304.03.C        Effective Date: August 1, 2005        Page 4 of 4

---

# DYS YOUTH GRIEVANCE FORM

Grievance Number: 21030 80 489

**A. Youth completes:**

Youth Name: [illegible] Date: 9/30/08
DYS Number: 213309 Institution/Region: [signature]
Unit (if in an institution): ASH
Home Address (if on Parole): _____

YOUTH: Move to page 2

RECEIVED OCT 14 2008 DEPT. OF YOUTH SERVICES CHIEF INSPECTOR'S OFFICE

**B. Grievance Coordinator to complete:**
Priority? ☐ No ☒ Yes
If yes, immediately notify the Superintendent or Regional Administrator and answer the grievance within 48 hours.

Signature: [signature] Date: 9/30/08

304.03.C        Effective Date: August 1, 2005        Page 1 of 4

*Youth* to complete 1-8.

The following is admission of guilt

1. What happened?

I'm Matthew and this Mason told me to my hand and he made my people bleed in the middle of the week and it was middle of the week in the middle of the week in a meeting the september of 07

2. What time & day did it happen? middle of the week

3. Where did it happen? the september of 07

4. Name of youth and/or staff involved or who saw the incident. If you do not know their name(s), describe them.

[redacted]

Sign your name: [signature] Date: 9/30/08

**STOP Do not write anymore**

FOLD AND PLACE YOUR GRIEVANCE IN THE GRIEVANCE BOX

---

If your complaint is against the Superintendent or Regional Administrator, send a staff person for an envelope and address the envelope to:
Office of the Chief Inspector
51 N. High St., Columbus, OH 43215

Put the grievance in the envelope & place it in a locked grievance box at your site. Staff will mail it.

Effective Date: August 1, 2005        304.03.C        Page 2 of 4

---

D. Grievance Coordinator's answer: (Within 48 hours if a Priority Grievance and within 10 days for all others)

Questions to investigate & Report to AMS

Staff Signature: K. Gene    Date: 9/30/08

Youth: Are you: ☐ Satisfied ☑ Not Satisfied with the Grievance Coordinator's answer?

Youth: Sign your name: [signature] Date: 9/30/08

Youth: If you checked "Not Satisfied" and you want the Grievance Coordinator's answer looked at by the Superintendent or Regional Administrator, complete Section "E".

E. Youth: If you want the Superintendent or Regional Administrator to look at staff's decision, write down the reason why:

see statement on grievance

Youth: Sign your name: [signature] Date: [signature]

**STOP Do not write anymore**

FOLD & PLACE THIS FORM IN THE GRIEVANCE BOX

2. Change of policy and procedures

3. Money damages