IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Stefaun Mason, DYS # 213-309 | : | Case No. 2:10cv171 |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | Judge Holschuh |
| Holly Richardson, *et al.*, | : | |
|     Defendants | : | Magistrate Judge Abel |

## **DEFENDANTS' (RICHARDSON, MAHAFFEY AND RYBICKI) MOTION TO DISMISS**

Defendants Richardson, Mahaffey and Rybicki through counsel move to dismiss the Complaint because Plaintiff has failed to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The reasons are stated with more particularity in the attached memorandum.

Respectfully submitted,
RICHARD CORDRAY
ATTORNEY GENERAL OF OHIO

/s/Mary Anne Reese
MARY ANNE REESE #0044029
Assistant Attorneys General
Criminal Justice Section
441 Vine St. Suite 1600
Cincinnati, OH  45202
(513) 852-3497
(513) 852-3484 fax
mary.anne.reese@ohioattorneygeneral.gov
Trial Attorney for Defendants

**MEMORANDUM**

**I.      Introduction and Statement of Facts**

Plaintiff has filed this action under 42 U.S.C. § 1983.  Plaintiff is a youthful offender in the custody of the Ohio Department of Youth Service ("ODYS") and at all times relevant to the Complaint resided at the Circleville Juvenile Correctional Facility ("CJCF") in Circleville, Ohio.  Plaintiff alleges: that Defendants Mahaffey and Rybicki and Unit Manager Manson used excessive force on Plaintiff; that all the Defendants retaliated against him in violation of his free exercise of religion; and that Defendant Richardson failed to protect him from a substantial risk of serious harm.  These Defendants are: Holly Richardson, operations manager at CJCF; Tim Mahaffey, a juvenile corrections officer at CJCF; and Paul Rybicki, a juvenile corrections officer at CJCF.  Unit Manager Manson was named as a Defendant but not properly served.

Plaintiff alleges that, on or about August 28, 2007, he was in a secluded room at CJCF ripping the pages out of a Bible.  Plaintiff further alleges that other staff were in the room with him, and that Defendant Mahaffey instructed another staff person to confiscate Plaintiff's personal items.  Plaintiff alleges that, when he stood up to object to the confiscation, Defendant Mahaffey and Unit Administrator Manson responded with force.  Plaintiff alleges that Defendant Rybicki then took part in the force, and that Defendant Richardson observed the whole incident.  Plaintiff alleges that he suffered injuries and emotional distress.  Plaintiff attached a grievance to his Complaint, and in the grievance the only injury he described sustaining on that occasion were a cut to his forehead and a cut to his cheek.

Defendants move to dismiss the Complaint for failure to state a claim and for failure to meet the requirements of the Prison Litigation Reform Act, 42 U.S.C. §1997e.

**II.     Law and Argument**

    **A.  Standard for a motion to dismiss**

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if all the facts and allegations in the complaint are taken as true. *Dalton v. Jefferson Smurfit Corp.*, 979 F. Supp. 1187 (S.D. Ohio 1997).  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant.  *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993).  While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) when there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.  *Issac v. Conrad*, 39 F.Supp.2d 1025 (S.D. Ohio 1999).  Matters outside the pleading are permissible only if the court treats the motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(b); *Soper v. Hoben*, 195 F.3d 845, 850 (6th Cir. 1999), *cert. denied*, 147 L. Ed.2d. 984, 120 S.Ct. 2719 (2000).  Plaintiff's case should be dismissed because he has failed to state a claim against these Defendants on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

### B. There is No Evidence that Plaintiff Suffered a Constitutionally Cognizable Injury.

Plaintiff attached a grievance to his Complaint that shows that the only injuries he sustained in the incident of which he complains were a cut to his forehead and to his cheek.

It is settled law that, without a constituitionally-cognizable injury linked to the violation, an inmate cannot maintain or succeed on his claims and the defendant should be entitled to judgment as a matter of law. Plaintiff cannot establish an injury related to this event and, therefore, Defendants are entitled to judgment as a matter of law.

The Prison Litigation Reform Act, 42 U.S.C. §1997e, provides in relevant part:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff cannot causally link any constitutionally-cognizable physical injury to the alleged incident on August 28, 2007. Both the PLRA and the jurisprudence surrounding § 1983 therefore dictate judgment in favor of Defendants.

In *Abdur-Raqiyb v. Erie County Med. Ctr.*, 536 F. Supp. 2d 299 (W.D.N.Y. 2008), the court dismissed a case because the plaintiff had failed to show the requisite physical injury. The court said:

> Plaintiff's claims concerning the alleged violation of his Islamic beliefs also fail to meet the "physical injury" requirement of the PLRA. The PLRA requires that an inmate seeking to recover anything other than nominal damages establish that he has suffered a "physical injury." See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury"). "Courts have strictly construed this requirement, barring claims by prisoners who demonstrate solely emotional or mental injury and barring physical injury claims where the injury alleged is de minimis." Jones v. H.H.C. Inc., No. 00Civ.6512, 2003 WL 1960045, at *5 (S.D.N.Y. Apr. 8, 2003) (Muslim inmate's claim that he suffered psychological damage, and speculation that "the porcine Heparin elevated his blood pressure," even if established, were "clearly insufficient to meet the 'physical injury' threshold").

536 F. Supp. 2d at 304.  *See also Dickinson v. N.M. Behavioral Health Inst.*, 2009 U.S. App. LEXIS 13621 (10th Cir. 2009) (unreported) ("As regards his claim that the conditions at NMBHI were unsanitary--even if accepted as true--plaintiff makes *no* allegation of physical injury and therefore cannot recover an award of compensatory damages for that claim. *See Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 807-08 (10th Cir. 1999).")

The basic purpose of 42 U.S.C. §1983 damages is "to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254, (1978).  No compensatory damages may be awarded where an individual has not shown proof of actual injury resulting from a violation of constitutional rights. *Id*. at 264; *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308, (1986).  Plaintiff cannot establish through admissible evidence that he suffered a constitutionally-cognizable injury—the grievance he has attached to his Complaint demonstrates otherwise. Judgment must therefore enter for Defendants.

Even before enactment of the PLRA, the United States Supreme Court said in *Hudson v. McMillian*, 503 U.S. 1 (1992), that the law should not intervene whenever prisoners are inconvenienced or suffer *de minimis* injuries.  A Texas federal court later applied that decision in determining that a black eye constituted a *de minimis* injury for which a §1983 claim would not lie.  *Tippens v. Turner,* 2005 U.S. Dist. LEXIS 8596 (N.D. Tex. 2005).  *See, e.g., Thomas v. Comstock,* 222 Fed. Appx. 439 (5th Cir. Tex. 2007)  (macing held to cause *de minimis* injury which is not legally cognizable in a § 1983 action).  In this matter, there is no allegation that Plaintiff suffered more than a couple of cuts on his face in the alleged incident of August 28, 2007.  Without the requisite injury, Defendants are entitled to judgment as a matter of law.

**B. The Complaint is barred for lack of personal involvement on the part of Defendant Richardson in any claimed constitutional violation.**

To establish liability under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendant is personally responsible for the unconstitutional actions that injured him. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). Even *respondeat superior* is not a basis for liability under §1983. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). In *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied* 469 U.S. 845 (1984), the Sixth Circuit stated the following concerning supervisory officials and their liability under §1983:

> [In *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982), we held that . . .] Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. . . *Hays*, 668 F.2d at 872-74.

There must be direct participation by any Defendant in the Plaintiff's alleged constitutional deprivation.

In the case at bar, Plaintiff has failed to offer facts showing personal involvement or direct participation by Defendant Richardson in any claimed constitutional deprivation. The most that he has alleged is that she was present when the incident of force took place; he has not alleged facts showing her personal involvement. Accordingly, she is entitled to judgment as a matter of law.

**C. Plaintiff's claims concerning retaliation are speculative, generalized and conclusory, and the same should therefore be dismissed.**

Prison officials may not retaliate against inmates who have engaged in constitutionally protected activities or conduct. *See Mt. Healthy City School Dist. Bd. of Education v. Doyle*, 429 U.S. 274, 287 (1977); *Cale v. Johnson*, 861 F. 2d 943, 950 (6th Cir. 1988). *Thaddeus-X v.*

6

*Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff, however, bears the burden of proof on all elements of a retaliation claim. *See McElhaney v. Elo*, 230 F.3d 1358 (6th Cir. 2000) (unpublished), 2000 WL 1477498, at *3; *Watkins v. Phillips,* 194 F.3d 1315 (6th Cir. 1999) (unpublished), 1999 W.L. 801588, at *3.

The Sixth Circuit and other courts have firmly held that any retaliation claim based on speculation and not on real evidence must fail. *Martinez v. Minnes*, 257 Fed. Appx. 261, 266 (11th Cir. 2007)(Doc. 352, Exhibit C). *See also Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[I]n the context of a civil rights claim,…conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Lillard v. Shelby County Bd. Of Educ*., 76 F.3d 716, 726 (6th Cir. 1996); *see also id.* (indicating that "[s]ome factual basis for such claims must be set forth in the pleadings") (internal quotation marks omitted)).

In the instant case, Plaintiff alleges (with no factual basis) that Defendants retaliated against him for exercising his religious freedom. On his generalized, conclusory and speculative allegations of retaliation—and in the face of Plaintiff's own averment that a non-retaliatory motive (destruction of property, as well as standing and thereby threatening to invervene in the officers' packing of his belongings) existed for Defendants' actions—Plaintiff's retaliation claim must fail. Moreover, as noted *supra*, Plaintiff's retaliation claim must fail because he sustained no constitutionally cognizable injury as a result of the conduct of which he complains.

### E. These Defendants are entitled to qualified immunity

Supreme Court precedent "generally provid[es] government officials performing discretionary functions with a qualified immunity, shielding them from civil damages liability as long as their actions could have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Such officials are presumed to be

protected by qualified immunity.  Indeed, the Supreme Court has noted that qualified immunity is "the general rule," characterizing it as almost a "guarantee of immunity." *Id.* at 639, 646.  Not surprisingly, the Sixth Circuit has therefore placed the burden of disproving qualified immunity on plaintiffs. *McCloud v. Testa*, 97 F.3d 1536, 1542 (6th Cir. 1996); *Washington v. Newsome*, 977 F.2d 991, 995 (6th Cir. 1992), *cert. denied*, 507 U.S. 1031 (1993).

In determining whether a plaintiff has carried that burden, the Court should examine whether either of two factors is present.  *Pearson v. Callahan,* 129 S. Ct. 808, 815 (2009). The Court determines whether a constitutional violation has even been shown; if not, a defendant is entitled at least to qualified immunity if not outright dismissal.  Alternatively, the Court may determine whether the right allegedly violated was "clearly established" at the time of the matters at issue and whether the Plaintiff has pled or proven sufficient facts to indicate that what the defendants did was "objectively unreasonable" in light of then clearly-established law. *Dickerson v. McClellan*, 101 F.3d 1151, 1157-1158 (6th Cir. 1996); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).  In close cases doubt must be resolved in favor of immunity. *McCloud*, 97 F.3d at 1542.  Plaintiff cannot meet his burden on any of those points.  He cannot show any personal involvement on the part of these Defendants in causing any constitutionally-cognizable injury.  These Defendants are entitled to qualified immunity.

### III. Conclusion

For the foregoing reasons, these Defendants pray that the Complaint be dismissed without costs to them.

> Respectfully submitted,
> RICHARD CORDRAY
> ATTORNEY GENERAL OF OHIO
>
> /s/Mary Anne Reese

8

MARY ANNE REESE #0044029
Assistant Attorneys General
Criminal Justice Section
441 Vine St. Suite 1600
Cincinnati, OH  45202
(513) 852-3497
(513) 852-3484 fax
mary.anne.reese@ohioattorneygeneral.gov
Trial Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. I further certify that an exact copy of the foregoing was sent by United States Mail postage prepaid to Sefaun Mason, DYS # 213309, Circleville Juvenile Correctional Facility, 640 Island Road, P. O. Box 598, Circleville, OH  43113 on April 30, 2010.

<u>s/MARY ANNE REESE</u>
MARY ANNE REESE
Assistant Attorney General